No. 1965
Second Circuit Appeal

---

MRS. LIZZIE HOLLINGSWORTH v. PETER PARSONS

---

(April 11, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Bills and Notes—Par. 123.
The maker of a note may set up against the holder who purchased after matur-

ity any equities which he may have against the payee.

2. Louisiana Digest—Bills and Notes—Par. 123.
The holder of a note purchased after maturity can recover from the maker who gave the note for the balance due on the purchase price of machinery only for the machinery which has been delivered to the maker, but not for that machinery not delivered.

3. Louisiana Digest—Appeal—Par. 625.
Where the judgment of the trial court is clearly erroneous, it will be reversed and corrected on appeal.

Appeal from City Court of the City of Shreveport, Louisiana, Hon David B. Samuels, Judge.

This is a suit on a promissory note for $250.00. Defendant denies liability on the ground that the consideration for the note has failed.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and rendered.

T. H. McGregor, of Shreveport, attorney for plaintiff, appellant.

Murff & Mabry, of Shreveport, attorneys for defendant, appellee.

REYNOLDS, J. This is a suit on a promissory note for $250.00. Defendant denies liability on the ground that the consideration for the note has failed. There was judgment for defendant and plaintiff has appealed.

Judgment reversed and rendered.

On March 24, 1924, J. J. Hollingsworth sold to P. Parson's Boiler & Sheet Iron Works—

One Ames Boiler, 60 x 16.

One Houston, Stanwood & Gamble engine with 3-inch governor.

Smokestack for boiler, grates, etc.

On May 26, 1919, P. Parsons wrote to J. J. Hollingworth that certain parts of

the machinery sold to him had not been delivered.

On June 24, 1919, P. Parsons gave his note, the note sued on, for a balance due on the price of the property sold to P. Parson's Boiler & Sheet Iron Works by J. J. Hollingsworth.

## OPINION.

Miss Lizzie Hollingsworth, as owner and holder of the note sued on, filed this suit, and she is entitled to recover any amount that may be due thereon.

The evidence shows that the note was presented at maturity for payment and that it had not at that time been transferred to Miss Lizzie Hollingsworth, the plaintiff herein. Hence, the defendant is entitled to set up as against said note any equities that he may have against J. J. Hollingworth, the payee in said note.

The bill of sale shows that J. J. Hollingsworth sold to P. Parson's Boiler & Sheet Iron Works—

One Ames Boiler, 60 x 16.
One Houston, Stanwood & Gamble engine, with 3-inch governor.
One smokestack for boiler.
Grates, etc.

It is admitted in the answer that P. Parson's Boiler & Sheet Iron Works received from J. J. Hollingsworth—

Five arch bars,
One smokestack and saddle,
One engine.

The evidence shows, and it is not disputed, that the boiler was delivered. P. Parsons testified, on page 11, as follows:

"Q. You state that you did not get anything but a boiler and smokestack?
"A. That is all I got. I hauled the balance myself.
"Q. You mean you hauled that besides the stuff that he delivered?
"A. The only thing that he delivered was the boiler and smokestack.

"Q. You got more than the boiler and smokestack?
"A. Yes, sir.

From the above evidence it will be seen that all of the articles sold by J. J. Hollingsworth to P. Parson's Boiler & Sheet Iron Works were delivered, except the grates, and the evidence does not show whether they were in the boiler or not, and the items covered by, "etc." and the governor.

The undisputed evidence of Mr. Parsons is that the governor was worth $90.00. This strikes us as being a high price for a governor that had gone through a fire, but it is not denied by any one that the governor was worth $90.00 as stated by Mr. P. Parsons. Mr. Hollingsworth stated, on page 22, that he told Mr. Parsons he would get the governor for him. He further admits that he did not do so. Under this evidence we think there must be deducted from the note sued on the sum of $90.00. There is no itemized statement of the value of anything covered by, "etc." or of the grates that are claimed not to have been delivered. Therefore the demands of defendant for these items must be dismissed as of non-suit.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff, Miss Lizzie Hollingsworth, have and recover of and from the defendant Peter Parsons judgment for the full sum of two hundred and fifty dollars with 8% per annum interest thereon from June 24, 1919, until paid, subject to a credit of ninety dollars of date June 24, 1919.

It is further ordered, adjudged and decreed that the demands of the defendant for all of the items failed to be delivered, except that of ninety dollars for the governor, be dismissed as of non-suit, and defendant's right to sue the plaintiff herein

for the amount of any articles that went to make up the consideration for the note sued on and which were not delivered, up to the amount of this judgment, is fully reversed.

It is further ordered, adjudged and decreed that plaintiff, Miss Lizzie Hollingsworth, do have and recover of defendant Peter Parsons, judgment for all costs in both courts.